
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS MARTIN URCINO, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | Nos.  13-70378 <br> 14-73760 <br><br> Agency No. A070-761-156 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 5, 2017
Pasadena, California

Before:  WARDLAW and GOULD, Circuit Judges, and PIERSOL,[**] District Judge.

Luis Martin Urcino, a native and citizen of Mexico, petitions for review of

the Immigration Judge's (IJ) denial of his motion for a continuance, affirmed by

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota, sitting by designation.

the Board of Immigration Appeals (BIA).[1]  In a consolidated appeal, Urcino also

petitions for review of the BIA's denial of his motion to reopen.  We have

jurisdiction under 8 U.S.C. § 1252(a)(1), and we grant the petition for review of

the denial of the motion for a continuance without reaching the denial of the

motion to reopen.  We remand to the BIA for further proceedings consistent with

this disposition.

1.      Urcino seeks to supplement the administrative record with a complete

copy of his state court criminal docket sheet.  Appellate courts may take judicial

notice of matters of record in other court proceedings, including those occurring

during pendency of the federal appeal, even if those records are not part of the

administrative record.  *See Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th

Cir. 2002).  Judicial notice is appropriate in these circumstances "to ensure that . . .

judicial ignorance is not insulated from review through hyper-technical application

of the general rule that the court can consider only evidence considered" in the

proceedings below.  *See Singh v. Ashcroft*, 393 F.3d 903, 907 (9th Cir. 2004).

---

[1]  At oral argument, Urcino's counsel indicated that Urcino would not contest the denial of the motion for continuance.  Urcino, however, properly challenged the denial of the motion for continuance in his opening brief, placing the issue squarely before us.  We construe counsel's remarks at oral argument to limit the inquiry at oral argument only and conclude that Urcino preserved his arguments as to the motion for a continuance by raising them in his opening brief.

Because the state court criminal docket sheet that Urcino wishes to add to the administrative record is publicly available, credible, and already partially included in the record, we grant Urcino's motion.

2.    The IJ abused her discretion by denying Urcino's motion for a continuance.  Under 8 C.F.R. § 1003.29, an IJ "may grant a motion for continuance for good cause shown."  "The question whether denial of a continuance in an immigration proceeding constitutes an abuse of discretion cannot be decided through the application of bright-line rules; it must be resolved on a case by case basis."  *Baires v. INS*, 856 F.2d 89, 91 (9th Cir. 1988); *see also Cui v. Mukasey*, 538 F.3d 1289, 1292 (9th Cir. 2008) (listing factors to consider in reviewing a denial of a motion for a continuance).

In this case, the denial of the motion for a continuance was an abuse of discretion because, at the time of the denial, the IJ knew that the conviction underlying Urcino's section 212(a)(2)(A)(i)(II) and section 212(a)(2)(C) grounds for removal was infirm, and that Urcino's criminal attorneys were working with the state trial court to have the conviction vacated, a goal that was ultimately achieved in August 2012—even before the IJ issued a written decision.  Urcino's vacated conviction is material to Urcino's eligibility for relief from removal because, although Urcino was also removable under section 212(a)(6)(A)(i) as an

3

alien not admitted or paroled, that ground alone would not have barred Urcino from seeking a waiver under INA section 212(h) and adjustment of status. Nor should the IJ have discounted Urcino's request for additional time merely because Urcino had already requested multiple continuances to obtain a lawyer and to communicate with counsel during his detention at the Theo Lacy Correctional Facility. Urcino's request for additional time was limited to the amount of time it would take for the state trial judge to act on Urcino's pending petition; it was not indefinite.

Accordingly, we remand to the BIA to determine how Urcino's vacated conviction and updated plea affect Urcino's eligibility for relief, and to consider whether Urcino should be paroled to the United States to pursue such relief.

**PETITION GRANTED and REMANDED.**